UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-23811-BLOOM/Elfenbein

TRIPLE ZERO ACCOUNTING CORPORATION,

    Plaintiff,

v.

THE ROBINSON CAPITAL GROUP, LLC, and
MARQUIS ROBINSON,

    Defendants.
_____/

## ORDER ON MOTION FOR DEFAULT JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Final Default Judgment ("Motion"), ECF No. [19], filed pursuant to Federal Rule of Civil Procedure 55(b)(2) against Defendants Robinson Capital Group, LLC. and Marquis Robinson ("Defendants"). Clerk's defaults were entered against the Defendants on October 17, 2025, ECF No. [18], because Defendants failed to answer or otherwise plead to the complaint, despite having been properly served. See ECF Nos. [15], [16]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the following reasons, Plaintiff's Motion is granted in part and denied in part.

    **I.    BACKGROUND**

Plaintiff, Triple Zero Accounting Corporation, is a Florida corporation with its principal place of business in Miami-Dade County, Florida. ECF No. [10] ¶ 9. Defendant, Robinson Capital Group, LLC, is a Georgia limited liability company with its principal place of business in Atlanta, Georgia. ECF No. [10] ¶ 10. Defendant, Marquis Robinson, is a natural person residing in Cobb

County, Georgia and is the authorized member, registered Agent, and sole member of Robinson Capital Group, LLC. ECF No. [10] ¶ 11.

On or about October 25, 2023, Plaintiff and Robinson Capital Group entered into a Bridge Loan Agreement ("First Agreement"), whereby Plaintiff committed $50,000 to Robinson Capital Group "to help finance the acquisition of a 56-unit multifamily property" in Atlanta, Georgia. ECF No. [10] ¶ 12. Section 1 of the First Agreement required Robinson Capital Group to repay $72,500 via "quarterly interest payments, with a final lump sum of the full capital and remaining interest on or before April 25, 2025."  ECF No. [10] ¶¶ 13-14. Plaintiff received only one interest payment of $3,750 on February 15, 2024. ECF No. [10] ¶ 15. "The First Agreement also included collateral in the form of a $72,500.00 non-performing equity interest in Defendant". ECF No. [10] ¶ 18.

On March 24, 2024, a second Bridge Loan Agreement ("Second Agreement") was executed between Plaintiff and Defendant Robinson Capital Group, whereby Plaintiff made another $50,000 investment "with a $72,000 repayment obligation due no later than August 28, 2025. ECF No. [10] ¶¶ 20-21. "The Second Agreement also contained identical provisions to the First Agreement regarding quarterly payments, interest, collateral, and a personal guaranty". ECF No. [10] ¶ 22. To date, Plaintiff has not received any interest or principal payments under the Second Agreement. ECF No. [10] ¶ 23. Plaintiff issued a formal demand to Defendants for payment under the First Agreement via email on June 6, 2025, but did not receive a response. ECF No. [10] ¶ 24.

Plaintiff filed its First Amended Complaint on September 11, 2025, asserting claims for 1) breach of contract as to the First Agreement, 2) breach of contract as to the second agreement, 3) breach of personal guarantee under the first agreement, 4) anticipatory breach of personal guarantee under the second agreement, 5) unjust enrichment, and 6) promissory estoppel. *See* ECF No. [10].

Case No. 25-cv-23811-BLOOM/Elfenbein

## II. LEGAL STANDARD

### A. Default Judgment

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint. Nonetheless, a default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings. See, e.g., *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); see also *Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment." *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007). Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint. See *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs., Ltd.*, 218 F. Supp. 2d

3

1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997). Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

### III.  DISCUSSION

Because Defendant has not appeared, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, No. 10-60156-CIV, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)). Having reviewed the Complaint, the Court finds Plaintiff's allegations well-pled as to Counts I, II, and III, and sufficient to establish Defendant's liability. By default, Defendant has admitted the truth of the allegations, and accordingly, the Court finds that Plaintiff has established its claims against Defendant.

As to Count IV, Plaintiff brings a claim under Georgia law for an anticipatory breach of personal guarantee under the second agreement. "Under Georgia law, an anticipatory breach of contract—otherwise known as an anticipatory repudiation—occurs when a party to a contract 'repudiates his contractual obligation to perform prior to the time such performance is required under the terms of the contract.'" *Owners Ins. Co. v. Brown*, No. 4:19-CV-219, 2020 WL 2104937, at *3 (S.D. Ga. May 1, 2020) (quoting *Coffee Butler Serv., Inc. v. Sacha*, 366 S.E.2d 672, 673 (Ga. 1988)). "The repudiation must apply to the entire contract and must include an unqualified refusal

to fulfill any future obligations under the contract." *Legacy Acad., Inc. v. Doles-Smith Enters., Inc.*, 344 Ga. App. 805, 810 (2018).

Plaintiff argues "Defendant Robinson's actions demonstrate he has no intention of honoring the personal guarantee following Defendant [Robinson Capital Group's] default under the second agreement." ECF No. [10] ¶ 50. In support, Plaintiff claims, "[t]o date, Plaintiff has not received any interest or principal payments under the Second Agreement. In light of this conduct, and Defendants' failure to respond to Plaintiff's repeated demands, an anticipatory breach is evident under the Second Agreement." ECF No. [10] ¶ 23. These facts are insufficient to support a claim for anticipatory breach.

Under the Second Agreement, Marquis Robinson agreed to personally guarantee a return of $72,500 on or before September 28, 2025. ECF No. [10] ¶ 48. Marquis Robinson's obligations under the Second Agreement only trigger if Co-Defendant Robinson Capital Group fails to make interest or principal payments. *See* ECF No. [10], Exhibit C. As such, Robinson Capital Group's failure to make interest and principal payments cannot be imputed upon Marquis Robinson as evidence of anticipatory breach when it is precisely the condition that requires Marquis Robinson's personal performance.

Moreover, though Plaintiff argues Defendants' failure to respond to their repeated demands constitutes evidence of an anticipatory breach, such a breach must contain an absolute refusal to perform, and that refusal must be unqualified. *Caradigm USA LLC v. PruittHealth, Inc.*, 253 F. Supp. 3d 1175, 1191 (N.D. Ga. 2017), order clarified, No. 1:15-CV-2504-SCJ, 2018 WL 1558575 (N.D. Ga. Mar. 28, 2018), and amended, No. 1:15-CV-2504-SCJ, 2018 WL 1956459 (N.D. Ga. Apr. 25, 2018). Here, Marquis Robinson's non-response is not evidence of an unqualified refusal to perform. The Court also notes that though Plaintiff alludes to repeated demands, the Complaint

only alleges one specific instance of a "formal demand" to Defendants and it concerned repayment for breaches under the First Agreement. ECF No. [10] ¶ 24. For the foregoing reasons, Plaintiff's Motion for default judgment is denied as to Count IV.

As to Counts V and VI, Plaintiff brings claims for unjust enrichment and promissory estoppel. ECF No. [10] at 9-10. The allegations in Plaintiff's Complaint establish the existence of an express contract. *See* ECF No. [10]. Unjust enrichment is unavailable as a theory of recovery when "an express contract exists governing all the claimed rights and responsibilities of the parties." *Davidson v. Maraj*, 609 F. App'x 994, 997 (11th Cir. 2015). Similarly, promissory estoppel claims are only viable when no enforceable contract exists, as the doctrine serves as an alternative means of recovery in the absence of contractual remedies. *See Hemispherx Biopharma, Inc. v. Mid-S. Cap.*, Inc., 690 F.3d 1216, 1227 (11th Cir. 2012) (citing *Goldstein v. Home Depot U.S.A., Inc.,* 609 F.Supp.2d 1340, 1347 (N.D. Ga. 2009).

### A. Damages

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." Ordonez, 2011 WL 3843890, at *5. "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id.* (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005)) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone ... We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)).

Plaintiff seeks damages in the amount of $141,250.00. In support of its claims, it submits the affidavit of Dagoberto Cruz, Manager and Officer of Triple Zero Accounting Corporation, *See* ECF No. [23]. Accordingly, under the facts of this case and considering the evidence in the record, the Court finds that a hearing on damages is unnecessary and the requested damages are justified.

Case No. 25-cv-23811-BLOOM/Elfenbein

IV. **CONCLUSION**

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [19]**, is **GRANTED** as to Counts I, II, and III and **DENIED** as to Counts IV, V, and VI;

2. Plaintiff is entitled to damages in the amount of **$141,250.00**;

3. Pursuant to Rule 58(a), Fed. R. Civ. P., the Court will enter a Final Default Judgment in favor of Plaintiff and against Defendant by separate order;

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on December 2, 2025.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record